UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. ROSERO, | ) | CIVIL ACTION NO. 1:23-CV-1898 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| TROOPER JACOB PENHORWOOD, | ) | |
| *et al.*, | ) | |
| Defendants | ) | |

**ORDER**

For the reasons stated in the accompanying memorandum opinion, it is HEREBY ORDERED THAT:

(1) Plaintiff's motion to take judicial notice (Doc. 21) is DENIED.

(2) Defendants' motion to dismiss (Doc. 10) will be GRANTED in part and DENIED in part as follows:

    a. Defendants' motion to dismiss (Doc. 10) is GRANTED and:

        i. Plaintiff's 42 U.S.C. § 1983 claim for false arrest is DISMISSED;

        ii. Plaintiff's 42 U.S.C. § 1983 claim for false imprisonment is DISMISSED;

        iii. Plaintiff's 42 U.S.C. § 1983 malicious prosecution claim EXCEPT to the extent it relates to Plaintiff's DUI charge is DISMISSED;

        iv. Plaintiff's 42 U.S.C. § 1983 conspiracy claim EXCEPT to the extent it relates to Plaintiff's malicious prosecution claim on his DUI charge and Plaintiff's unreasonable seizure claim relating to the seizure of his vehicle is DISMISSED;

v. Plaintiff's 42 U.S.C. § 1983 supervisory liability claim EXCEPT to the extent it relates to Plaintiff's malicious prosecution claim on his DUI charge is DISMISSED;

vi. Plaintiff's 42 U.S.C. § 1983 equal protection claim is DISMISSED;

vii. Plaintiff's 42 U.S.C. § 1983 failure to intervene claim EXCEPT to the extent it relates to Plaintiff's malicious prosecution claim on his DUI charge is DISMISSED;

viii. Plaintiff's 42 U.S.C. § 1983 procedural due process claim is DISMISSED;

ix. Plaintiff's 42 U.S.C. § 1981 claim is DISMISSED;

x. Plaintiff's 42 U.S.C. § 1985 claim EXCEPT to the extent it relates to Plaintiff's malicious prosecution claim on his DUI charge and Plaintiff's unreasonable seizure claim relating to the seizure of his vehicle is DISMISSED;

xi. Plaintiff's 42 U.S.C. §§ 1985 and 1986 claim for failure to prevent EXCEPT to the extent it relates to Plaintiff's malicious prosecution claim on his DUI charge is DISMISSED;

xii. Plaintiff's state law false arrest and false imprisonment claim is DISMISSED;

xiii. Plaintiff's state law malicious prosecution claim EXCEPT to the extent it relates to Plaintiff's DUI charge is DISMISSED; and

xiv. Plaintiff's state constitutional violations claim is DISMISSED with prejudice insofar as Plaintiff seeks monetary relief and without prejudice insofar as Plaintiff seeks injunctive relief.

      xv.      Plaintiff's state law civil conspiracy claim EXCEPT to the extent it relates to the alleged malicious prosecution of Plaintiff on the DUI charge is DISMISSED.

    b.    Defendants' motion to dismiss (Doc. 10) is DENIED insofar as it seeks the dismissal of:

        i.    Plaintiff's 42 U.S.C. § 1983 claim for malicious prosecution relating to Plaintiff's DUI charge;

        ii.    Plaintiff's 42 U.S.C. § 1983 conspiracy claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge and the alleged unreasonable seizure of Plaintiff's vehicle;

        iii.    Plaintiff's 42 U.S.C. § 1983 supervisory liability claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge;

        iv.    Plaintiffs 42 U.S.C. § 1983 failure to intervene claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge;

        v.    Plaintiff's 42 U.S.C. § 1983 unreasonable seizure claim relating to the seizure of Plaintiff's vehicle;

        vi.    Plaintiff's 42 U.S.C. § 1985 conspiracy claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge and the alleged unreasonable seizure of Plaintiff's vehicle;

        vii.    Plaintiff's 42 U.S.C. §§ 1985 and 1986 failure to prevent claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge;

        viii.    Plaintiff's state law malicious prosecution claim relating to Plaintiff's DUI charge; and

   ix. Plaintiff's state law civil conspiracy claim relating to the alleged malicious prosecution of Plaintiff on his DUI charge.

The following claims remain:

(1) A 42 U.S.C. § 1983 claim for malicious prosecution arising out of Plaintiff's DUI charge against Penhorwood and Dressler (Count III);

(2) A 42 U.S.C. § 1983 supervisory liability claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge against Evanchik, Paris, Kline, D'Ambrosio and Getz (Count V);

(3) A 42 U.S.C. § 1983 claim for failure to intervene relating to the alleged malicious prosecution of Plaintiff on the DUI charge against Dressler (Count VII);

(4) A 42 U.S.C. § 1983 claim for the unreasonable seizure of Plaintiff's vehicle against all Defendants (Count VIII);

(5) A 42 U.S.C. § 1983 conspiracy claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge and the alleged unreasonable seizure of Plaintiff's vehicle against Penhorwood and Dressler (Count IV);

(6) A 42 U.S.C. § 1985 conspiracy claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge and the alleged unreasonable seizure of Plaintiff's vehicle against all Defendants (Count X);

(7) A 42 U.S.C. §§ 1985 and 1986 failure to prevent claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge against all Defendants (Count XI); and

(8) A state law claim for malicious prosecution arising out of Plaintiff's DUI charge against Penhorwood and Dressler (Count XIII);

(9)  A state law civil conspiracy claim relating to the alleged malicious prosecution of Plaintiff on the DUI charge against Penhorwood and Dressler (Count XIV).

Date: June 6, 2025                              BY THE COURT

                                                *s/William I. Arbuckle*
                                                William I. Arbuckle
                                                U.S. Magistrate Judge