## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. ROSERO, | : | NO. 1:23-CV-01898 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| TROOPER JACOB | : | |
| PENHORWOOD, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

In this civil rights action, *pro se* Plaintiff John Rosero sued the Defendants, eight Pennsylvania State Troopers, for violations of his constitutional rights after Defendant Penhorwood pulled him over for driving with an invalid license plate and arrested him for driving under the influence of amphetamines. *See* Complaint, doc. 1. After the Court granted the Defendants' motion to dismiss in part, seven federal claims and two state claims remain. *See* doc. 25 at 4-5.

Before the Court is the Defendants' motion for summary judgment on the remaining claims. Doc. 31. Because no genuine issues of material fact exist, and because the Defendants are entitled to summary judgment as a matter of law, the Court will grant the Defendant's motion as to the

federal claims and decline to exercise supplemental jurisdiction over the remaining state claims.

## I.   BACKGROUND

In 2021, Rosero was driving on a Pennsylvania highway at nighttime, when Defendant Penhorwood, a state trooper, pulled him over for driving with an invalid license plate. Defs.' Statement of Facts, doc. 32 ¶¶ 1-4.[1] As part of the traffic stop, Penhorwood asked Rosero several questions.

First, he asked about the invalid license plate, to which Rosero answered that he had bought the car from a Virginia seller the previous day and that a Pennsylvania dealer put the plate on the vehicle. *Id.* ¶¶ 5-6. Upon further questioning, however, Rosero could not provide the

---

[1] Rosero failed to file a statement of material facts responding to the statement filed by Defendants, as required by Local Rule 56.1. The Court, therefore, deems the Defendants' statement of facts admitted for the purpose of summary judgment. *See* L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion"); *Beard v. Helman*, 722 F. Supp. 3d 521, 527-28 (M.D. Pa. 2024) ("Where nonmovants fail to support denials with record citations, a common sanction is to deem these allegations admitted.").

dealer's name nor identify the city in which the dealer operated. *Id.* ¶ 7. Second, Penhorwood asked Rosero for his license and proof of insurance. *Id.* ¶ 8. Although he eventually provided a valid driver's license, Rosero admitted that the vehicle was not insured. *Id.* ¶ 10. During this interaction, Rosero exposed, and Penhorwood saw in plain view, a prescription pill bottle in the car. *Id.* ¶ 9. Penhorwood asked what medication Rosero was taking, and Rosero answered that he took prescription medication for anxiety. *Id.* ¶¶ 13-14. When Penhorwood continued asking about the pills, Rosero became defensive, failing to confirm whether the pill bottle contained the prescription pills for anxiety. *Id.* ¶¶ 15-16.

Because Penhorwood determined that Rosero lacked insurance and the vehicle was parked at nighttime along the shoulder of a highway, Penhorwood requested that Rosero's car be towed. *Id.* ¶ 17. Next, Penhorwood conducted an inventory search of the car. *Id.* ¶ 18. During that search, he observed that the pill bottle purported to contain amphetamines. *Id.* ¶ 19. Penhorwood then asked Rosero to complete Standardized Field Sobriety Tests. *Id.* ¶ 20.

The tests revealed many signs Penhorwood saw as indicators of impairment. Rosero was uncooperative and unable to follow instructions and exhibited, among other things, bloodshot eyes and constricted pupils, unsure footing, and slurred speech. *Id.* ¶¶ 21-22.  Believing that Rosero was driving under the influence (DUI) of a drug or combination of drugs, Penhorwood arrested Rosero. *Id.* ¶¶ 23-25. At the police station, Rosero's blood was taken, and sent to a laboratory that reported his blood tested positive for amphetamines at twice the level of the mean driver arrested for DUI. *Id.* ¶¶ 26-29.

A month later, Penhorwood filed a criminal complaint charging Rosero with two counts of DUI under 75 Pa. C.S. §§ 3802(d)(1)(ii) and (d)(2), illegal use of a license plate under 75 Pa. C.S. § 1372, and failure to carry registration under 75 Pa. C.S. § 1311. *Id.* ¶ 31; *see* doc. 32-3 at 24. Several months later, when Rosero submitted a letter from a medical professional confirming he had a lawful prescription and that the level of amphetamines detected in his blood at the time of the arrest were consistent with his therapeutic treatment, the prosecution dropped Rosero's DUI charges. *Id.* ¶¶ 32-33.

On November 15, 2023, Rosero, proceeding *pro se*, sued Penhorwood and seven other Defendants, alleging fifteen different state and federal claims. *See* Complaint, doc. 1 at 24-58. After the Defendants moved to dismiss the Complaint, the Court granted the motion in part but retained seven federal and two state claims. *See* June 6, 2025, Order, doc. 25 at 4-5. The Court issued a case management order, providing six months for the parties to conduct fact discovery. Doc. 26. After close of the discovery period, the Defendants moved for summary judgment on the surviving claims. Docs. 26, 31. The parties filed their respective briefs, and the motion is ripe for disposition. Docs. 33-35. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 12.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is

"material" only if it can "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006), citing *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248.

The moving party bears the burden of showing that no genuine dispute exists such that summary judgment is warranted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004), citing *Anderson*, 477 U.S. at 255. Rather, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). Credibility determinations are "the province of the factfinder." *Big Apple BMW, Inc.*

*v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The court's role, at the summary judgment stage, is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There can be "no genuine issue as to any material fact," however, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.   ANALYSIS

The Court will grant the Defendants' motion for summary judgment because there are no genuine issues to be tried. Before turning to the merits analysis, the Court will first address Rosero's request for additional discovery under Rule 56(d). *See* Pl.'s Br., doc. 34 at 1, 4; Pl.'s Aff., doc. 34-1 ¶ 2.

### A.   Federal Rule of Civil Procedure 56(d)

Rosero argues that summary judgment is premature because additional discovery is required under Rule 56(d). Doc. 34 at 1. Specifically, Rosero contends that the "Defendants have filed a motion for summary judgment without conducting any discovery in this case. As a result, I have been denied the opportunity to obtain evidence that is

essential to opposing their motion and proving my claims." Doc. 34-1 ¶ 3. Rosero is wrong.

Rule 56(d) allows a non-moving party to file a discovery request if the party believes that additional discovery is required to oppose summary judgment. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (noting that "nothing precludes a party from requesting an opportunity for discovery under Rule 56(d) by simply attaching an appropriate affidavit or declaration to that party's response to a motion for summary judgment"). An adequate Rule 56(d) discovery request "specifies what particular information is sought; how, if disclosed, it would preclude summary judgment; and *why* it has not been previously obtained." *Id.* (citation modified), citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988).

Here, Rosero provides no reason for why the discovery he now seeks has not been previously obtained. The Court gave Rosero six months to conduct discovery. June 9, 2025, Case Mgmt. Order, doc. 26. Rosero has not identified, and the Court is otherwise unaware of, any reasons Rosero could not obtain discovery from the Defendants during that allotted time. Indeed, it is apparent from the record that Rosero has failed to serve a

single discovery request on the Defendants. Rosero claims, "I have not had the opportunity to obtain these records through discovery, depose the officers about the MDT results, or retain an expert to analyze the MDT data." But that is simply not true; he had six months in which to accomplish all of those ends. He chose not to.

Neither can the Defendants' own choice not to conduct any discovery foreclose summary judgment. After all, whether to request discovery is the each party's own choice, requesting discovery from the opposing party is not compulsory. *Compare* Fed. R. Civ. P. 26(b)(1) (emphasis added) ("Parties *may* obtain discovery"), *with* Fed. R. Civ. P. 26(a)(1) (emphasis added) ("[A] party *must*, without awaiting a discovery request, provide to the other parties"). And the Defendants complied with Rule 26(a)(1) by producing their mandatory initial disclosures. *See* Defs.' Reply Br., doc. 35 at 1-2; Email Correspondence, doc. 35-1 at 2.

Strikingly, Rosero previously opposed a motion by the Defendants for an extension of time to file dispositive motions, acknowledging he was well aware of the Court's case management order and the impending end of the discovery period. In his opposition brief, filed three days before the close of fact discovery, Rosero pointed out that the Court had provided

"all parties nearly **six months** to conduct discovery and prepare for the dispositive motions deadline." Doc. 29 at 2 (emphasis in original). Rosero argued that the Defendants did not need to conduct discovery because, given the nature of the events underlying the case, the Defendants "already possess the relevant evidence." *Id.* at 3. Rosero did not ask the Court for additional time for discovery then; he, instead, actively opposed an extension, complaining that the case had been pending for two years. *Id.* at 1. Given that Rosero called the Defendants' abstention from discovery activity "a clear lack of diligence" on their part (*id.* at 2) meriting no extension of time, his current request rings all the hollower.

Because Rosero was given sufficient time to conduct discovery and chose not to, the equities weigh against granting him additional time now. He has failed to meet his burden under Rule 56(d) to provide "specified reasons" why he cannot present facts essential to justify his opposition, and so the Court will deny his request. *See Williams v. Gavin*, 640 F. App'x 152, 158 (3d Cir. 2016) (citation modified) ("Williams argues only generally that he was denied valuable discovery and that he was hindered in his ability to gather known evidence; this is insufficient to support a finding that the grant of summary judgment was premature.");

*Abulkhair v. Citibank & Assocs.*, 434 F. App'x 58, 62 (3d Cir. 2011) ("Abulkhair still could have acquired relevant information by taking advantage of that discovery tool. His failure to do so makes it difficult to conclude that he should have been entitled to additional time for discovery.").[2]

## B.   Federal Claims

Returning to the merits of the case, the Court begins with Rosero's two main federal claims: (1) Fourth Amendment malicious prosecution; and (2) Fourth Amendment unreasonable seizure. Because the Defendants are entitled to qualified immunity as to the malicious prosecution claim, and Rosero has failed to establish the unreasonable seizure claim, the Court will grant summary judgment.

---

[2] In support of his Rule 56(d) request, Rosero also argues that granting summary judgment on the Defendants' records would violate his rights based on the Confrontation Clause of the Sixth Amendment. *See* doc. 34-1 ¶ 18. But the Confrontation Clause applies to criminal defendants. *See* U.S. Const. amend. VI (emphasis added) ("In all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him"). Rosero is not a criminal defendant in this civil rights action. *See also Lambert v. Warden Greene SCI*, 861 F.3d 459, 469 (3d Cir. 2017) (emphasis added) ("The Sixth Amendment guarantees a *criminal defendant* the right 'to be confronted with the witnesses against him.'").

    *1.    The Defendants are entitled to qualified immunity on Rosero's malicious prosecution claim.*

The Defendants argue that they are entitled to qualified immunity on Rosero's malicious prosecution claim based on the Court of Appeals for the Third Circuit's decision in *Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295 (3d Cir. 2024). They are correct.

Qualified immunity shields government officials, including law enforcement, from liability unless their conduct violates a clearly established right. *Evans v. Newark City*, 152 F.4th 537, 544 (3d Cir. 2025). When assessing qualified immunity, the Court inquires: (1) whether the plaintiff sufficiently alleged a right had been violated; and (2) whether that right was clearly established when it was allegedly violated to the extent that it would have been clear to a reasonable person that his or her conduct was unlawful. *See id.* The right at issue must be defined at the appropriate level of specificity. *Rivera-Guadalupe*, 124 F.4th at 299, citing *Peroza-Benitez v. Smith*, 994 F.3d 157, 165 (3d Cir. 2021).

Here, *Rivera-Guadalupe* applies, so the Defendants are entitled to qualified immunity. *See* 124 F.4th at 303. In that case, the right at issue, as it is here, was the right to be prosecuted only for charges that are each

supported by probable cause. *See* doc. 1 ¶¶ 130-134; *Rivera-Guadalupe*, 124 F.4th at 299. Because the prosecution dismissed his DUI charges, but proceeded on other charges, Rosero brought a Fourth Amendment malicious prosecution claim premised on the DUI charges alone. Rosero does not contend that the remaining charges, to which he pleaded guilty, lacked probable cause.

The Third Circuit held that before the Supreme Court's decision in *Chiaverini v. City of Napoleon*, 602 U.S. 556, 561 (2024), the right to be prosecuted only for charges that are each supported by probable cause, was not clearly established. *Rivera-Guadalupe*, 124 F.4th at 299, 303 (reversing district court's denial of qualified immunity based on *Chiaverini*). Applying *Rivera-Guadalupe*, this Court finds that as of December 2021 when the Defendants charged Rosero with DUI, the right at issue was not clearly established. *See* doc. 32 ¶ 31; *Rivera-Guadalupe*, 124 F.4th at 303 (finding that the right to be prosecuted only for charges that are each supported by probable cause was not clearly established until 2024). Here, Rosero does not deny that there was probable cause for some of the charges for which he was prosecuted. The Court, therefore,

finds that the Defendants are entitled to qualified immunity as a matter of law on Rosero's Fourth Amendment malicious prosecution claim.[3]

> ### 2. *Rosero has failed to establish a Fourth Amendment unreasonable seizure claim.*

The Defendants next argue that they are entitled to qualified immunity on Rosero's Fourth Amendment unreasonable seizure claim because Defendant Penhorwood's seizure of Rosero's car was not unreasonable, and therefore did not violate any of his rights. *See* doc. 33 at 4. A seizure is reasonable under the Fourth Amendment if, under the totality of the circumstances, "the officer's actions are objectively reasonable in light of the facts and circumstances confronting them,

---

[3] Even if qualified immunity did not bar suit, Rosero's malicious prosecution claim fails, because, as established by the undisputed factual record, Penhorwood had probable cause for all of the charges at the outset. *See* doc. 33 at 9-11 (summarizing record evidence of probable cause); see also *Lozano v. New Jersey*, 9 F.4th 239, 247 (3d Cir. 2021) (malicious prosecution claim requires that "the proceeding was *initiated* without probable cause") (emphasis added). Defendants raised this argument only in the context of Rosero's state law malicious prosecution claim, but lack of probable cause is an essential element of the federal claim as well. Rosero presents nothing to controvert the Defendants' evidence that the charges were brought with probable cause, and, as plaintiff, would have the burden of proof on that element at trial. "While the charges against [Rosero] were later dropped, there can be no malicious prosecution where there was probable cause to charge the defendant at the outset." *Laws v. Borough of Lansdale*, No. 24-1562, 2025 U.S. App. LEXIS 10079, at *8 (3d Cir. Apr. 28, 2025).

without regard to their underlying intent or motivations." *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 589 (M.D. Pa. 2008), quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Third Circuit has held that under the community caretaking exception, removing and impounding a vehicle from an area in which a stopped vehicle is subject to being damaged, vandalized, or stolen, is not an unreasonable seizure. *See United States v. Smith*, 522 F.3d 305, 314 (3d Cir. 2008); *Honda Lease Tr. v. Malanga's Auto.*, 152 F.4th 477, 489 (3d Cir. 2025).

Here, Penhorwood towed Rosero's car because Rosero lacked valid registration and insurance, and the vehicle—which Rosero could not lawfully drive—was parked at nighttime along the shoulder of a highway. Doc. 32 ¶ 17. The Court, therefore, finds that under the community caretaking exception to the Fourth Amendment, Penhorwood's towing of the car was not unreasonable. *See Smith*, 522 F.3d at 314 ("[T]he community caretaking function encompasses law enforcement's authority to remove vehicles that impede traffic or threaten public safety and convenience"); *Malanga's Auto*, 152 F.4th at 489 (holding that under the caretaking exception to the Fourth Amendment, a city may reasonably seize a vehicle whose operator cannot lawfully remove it

Page 15 of 18

because he lacks insurance). As a result, the claim fails on its merits and the Defendants are immune.

### C.    Dependent Claims

Because the Court will grant summary judgment as to Rosero's constitutional claims, and because the uncontested factual record does not raise any dispute of fact that might show any violation of Rosero's rights, the Court will also enter summary judgment as to all the derivative claims, which require, at minimum, that Rosero establish an underlying constitutional violation. Accordingly, the Court will grant summary judgment as to Counts IV (§ 1983 conspiracy), V (§ 1983 supervisory liability), VII (§ 1983 failure to intervene), X (§ 1985 conspiracy), and XI (§§ 1985 and 1986 failure to prevent claims). *See Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (noting that a § 1983 conspiracy claim requires an actual underlying constitutional violation of the plaintiff's right); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010) (explaining that a required element of a § 1983 supervisory liability claim is an actual violation of a constitutional right by a subordinate); *Milligan v. Jacobs*, 826 F. App'x 256, 257 (3d Cir. 2020) (same as to § 1983 failure to intervene); *Brown v. Philip Morris*

*Inc.*, 250 F.3d 789, 805 (3d Cir. 2001) (same as to § 1985 conspiracy); *Foskey v. Rendell*, 261 F. App'x 428, 430 (3d Cir. 2008) (same as to §§ 1985 and 1986 failure to prevent claims).[4]

### D.   State Law Claims

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *See Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2013), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that when federal claims are dismissed before trial, federal courts should not separately entertain pendent state claims). Having granted summary judgment as to Rosero's federal claims, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. *See Byrd*, 715 F.3d at 128 ("Because we will affirm the District Court's order granting summary judgment, . . . we will also affirm the District Court's decision to decline supplemental jurisdiction over [the plaintiff's] state law [ ] claims."); *Bruton v. Paesani*,

---

[4] Additionally, with respect to all of his federal claims, Rosero has failed to establish any disputes of fact, as he has failed to present any evidence in support of the elements for which he would have the burden of proof at trial. *Celotex*, 477 U.S. at 322.

162 F. App'x 151, 154 (3d Cir. 2006) ("Once the District Court granted summary judgment on [the plaintiff's] two federal claims, it was not required to adjudicate his claims under state law."); *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (finding that a district court may *sua sponte* decline to exercise supplemental jurisdiction).

## IV.   CONCLUSION

Accordingly, the Defendants' motion for summary judgment will be granted.  An appropriate order shall follow.


Date: July 27, 2026                    s/ *Sean A. Camoni*
                                       Sean A. Camoni
                                       United States Magistrate Judge